No. 38,777

GEORGE HORN, ALICE GINGLES SHACKLETON, CHARLES. A. GREEN and SARA E. GREEN, *Appellees*, v. GLEN SEEGER and MARGARET SEEGER, *Appellants*.

(255 P. 2d 1000)

Opinion filed April 11, 1953.

*W. C. Sullivan*, of Phillipsburg, argued the cause, and *W. A. Barron*, of Phillipsburg, and *D. A. Hindman*, of Stockton, were with him on the briefs for the appellants.

*William B. Ryan,* of Norton, argued the cause, and *Doris Dixon Stowell* and *William H. Stowell,* both of Phillipsburg, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a motion to modify or dissolve a mandatory injunction. It grows out of a judgment affirmed by this court. (See *Horn v. Seeger,* 167 Kan. 532, 207 P. 2d 953.) It is another phase of *Horn v. Seeger,* No. 38,720, an accusation in contempt this day decided.

On October 8, 1948, the district court issued a mandatory injunction requiring defendants to remove part of a levee they had erected on their own land near Meyer Creek, a natural watercourse. The judgment was appealed and affirmed. (See *Horn v. Seeger,* supra.) The defendants complied with the judgment and removed the levee. They immediately instituted proceedings whereby they requested the chief engineer of the Division of Water Resources of the State to approve plans for a proposed levee. These plans were approved and defendants commenced work on October 16, 1951, to build a levee in accordance therewith. Immediately defendant Glen Seeger was cited for contempt. This citation was presented to the district court and defendant Glen Seeger was held to be guilty of contempt, and fined. After the sentence in that case, the defendants filed a motion in the original case requesting the district court to dissolve or modify the injunction so as to permit them to proceed to construct a levee in accordance with plans approved by the chief engineer.

This motion alleged on the 10th day of June, 1950, after lawful notice the engineer had approved plans for the construction of a levee. It alleged that they had been introduced at the hearing of the accusation in contempt; that plaintiff Horn had deepened and widened the channel where the water leaves Meyer Creek and for the purpose of making it easier for water to flow in the channel of the creek and onto the lands of defendants and to prevent it flowing down the original course of Meyer Creek; that at all times since the injunction plaintiff Horn had farmed over Meyer Creek and planted crops thereon, which had assisted in keeping it from flowing down its course; that at all times since the granting of the injunction the flow of the water in Meyer Creek had flowed east and northeast onto the lands of the defendants; that there had been a long spell of rainy weather in Phillips county and by reason thereof

the continuous flow at that time consisted of a stream of from four to five feet wide and from three to four inches deep; that due to the increased and continuous flow a large amount of water had run onto the land of the defendants and a large portion of defendants' property was rendered useless; that unless the injunction originally rendered by the court was dissolved or modified, such condition would continue for an indefinite time in the future and would recur from time to time and render defendants' property useless and valueless.

The prayer was that the injunction be dissolved or modified so as to permit defendants to construct a levee on their property in accordance with the plans of the chief engineer or in the alternative that plaintiffs be ordered to excavate Meyer Creek to a depth sufficient to allow a continuous flow in the original course or to fill in a channel in which water was flowing at that time.

The answer of the plaintiffs admitted that the plans had been offered in evidence at the hearing on the citation in contempt, and denied specifically each and every other allegation. It denied any lawful application was made to the chief engineer; that he had any authority to entertain any application or to approve any plans submitted by the defendants pertaining to the subject matter of the action and alleged that any of his acts were without lawful authority; that any order, inspections, jurisdiction or approvals made by him were null and void and of no effect and he, by acting, attempted to usurp and assume the judicial authority of the courts.

It further alleged that the court had no authority or jurisdiction to set aside the judgment granting the injunction granted to the plaintiffs on the 8th day of October, 1948, and amended on November 3, 1948; denied that the plaintiffs had at any time since the granting of the injunction done any of the acts of deepening or widening Meyer Creek or any channel where water left Meyer Creek for the purpose of making it easier for such water to flow upon the lands of defendants; admitted that plaintiff Horn had farmed over the course of Meyer Creek in the ordinary and usual manner of farming; but specifically denied that such cultivating had assisted in keeping Meyer Creek from flowing down its course; admitted that during the year 1951 there was a long and protracted rainy spell and alleged there had been a continuous flow of water in Meyer Creek during most of the year 1951 and alleged that at all times since the granting of the injunction Meyer Creek had flowed in exactly the same course in which it then flowed and that

course had long existed prior to the granting of the injunction by the court in October and November, 1948; that long prior to the purchase of the real estate owned by defendants they had full, complete knowledge of the existing conditions concerning the flow of the water onto the lands of the defendants and defendants were estopped from setting up or asserting any claims to such water flowage or the acts of the plaintiffs concerning the same; alleged that defendants, particularly Glen Seeger, had willfully, unlawfully and flagrantly violated the order and judgment of the court and violated the injunction, which modification is requested in the motion of the defendants; that defendant Glen Seeger had been adjudged guilty of contempt of court and that the motion of defendants was not present in good faith; that the course of the drainage or surface water was the same at the time of filing the motion to modify as it was at the time of granting the original injunction.

The prayer was that the motion to modify be denied and the injunction be continued in full force and effect.

The reply was a general denial.

The trial court made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT

"The Court finds that conditions have changed in certain respects, in part due to action of the plaintiff, George Horn, as follows, to-wit:

"1. The Court finds that the season is wetter and Meyer Creek flows all of the time. Horn, of course, had nothing to do with this.

"2. The Court finds that the course of Meyer Creek has changed to flow north to defendants' land. This change may already have occurred at the time of granting of Injunction, but was not at that time demonstrable due to the creek being dry at that time.

"3. The Court finds that George Horn has dug or enlarged a drain with a oneway, which helps water in Meyer Creek to flow north.

"4. The Court finds that it is not demonstrable that Horn's farming across Meyer Creek has changed its course, at least not since injunction. Bushnell's doing so before then may have, although testimony in Injunction Case was to the contrary, i. e., page 144 of transcript, and following. According to such testimony, Bushnell filled bed in and farmed over it in 1937 or 1938, but water did not run on Seegers' land until 1944, after Bushnell cut channel in bank. Transcript, pages 144 and 145.

"5. The Court finds that the dike approved by Knapp would repel Water from the northwest quarter of Section 35, Township 4, south, Range 19, as well as overflow from Meyer Creek, and change natural course of drainage from said northwest quarter of Section 35, and would block what is referred to in Knapp's letter as an unnamed water course. (See Finding No. 5, original case, and also page 167 of transcript.)

"CONCLUSIONS OF LAW

"1. The Court concludes as a matter of law that the defendant, Glenn Seeger, should be allowed to extend ditch described in Finding No. 11, original findings; north on his own land to a point where water enters his, defendant's land from Horn's land, and as far north as Horn made or cleaned out ditch by use of one-way. Same may be made deeper in north part but no deeper than that of the bed of Meyer Creek now, and no deeper than what said ditch was at the place it entered Meyer Creek at the time of granting the Injunction, and no wider than it was at the place where it entered Meyer Creek at the time of granting of Injunction; or, in the alternative, the defendants may extend dike according to map approved by Chief Engineer of the Division of Water Resources, if opening left in said dike at the point of where water now enters Seeger's land, or east thereof, sufficient to accommodate the drainage of water on to the Seeger land at this point, and may channel same across the Seeger land, and dike said channel to prevent overflow on rest of said lands. Such plans should be drawn by an engineer and have approval of Chief Engineer of Water Resources, having due regard to the effect, if any, on the highway east of Seegers' place. Injunction should be and is modified to permit this construction or either of them, if same would otherwise be violation thereof.

"2. The Court concludes as a matter of law that the Statute, Section 24-105, General Statutes of Kansas for 1949, does not authorize said engineer to approve plans for a levee that would block natural drainage and repel water therefrom, or block and repel surface waters from an unnamed watercourse, which are not an overflow of a stream regardless of whether said construction has been enjoined or not.

"3. The Court further concludes as a matter of law, that the dike or levee approved by the Chief Engineer would cause injury to lower landowners, particularly Green and Gingles, and that their rights were not considered in authorizing same and said dike cannot be built in violation of said Injunction, regardless of approval of said Engineer."

The motion of defendants for a rehearing of this motion to dissolve was denied. Judgment was entered in accordance with the above conclusions of law—hence this appeal.

The sole specification of error is that the court erred in refusing to dissolve or modify the injunction so as to permit defendants to construct a levee, as authorized by the Chief Engineer of the Division of Water Resources.

Defendants state the question involved to be:

If the original injunction prohibited the building of the levee in the manner that defendants seek to build it in accordance with the approval by the chief engineer of the Division of Water Resources has there been such a change in circumstances so that justice requires modification or make modification mandatory?

Defendants contend that the building of the levee in accordance with the plans would not encroach upon the terms of the original

decree since its terms are not broad enough to cover the levee approved by the plans. The trial court's finding of fact No. 5 is an answer to the above judgment. It is not questioned by defendants. It in effect finds that the approved levee would have the effect of driving both overflow water and surface drainage water onto the land of plaintiffs. This was the basis of the original injunction. (See *Horn v. Seeger*, No. 38,720, this day decided; also *Horn v. Seeger*, supra.) We discern no change in the circumstances to justify a modification.

G. S. 1949, 24-105, provides as follows:

"A landowner or proprietor shall not construct or maintain a dam or levee for the purpose of obstructing or collecting and discharging with increased force and volume the flow of surface water to the damage of the adjacent owner or proprietor; but nothing herein shall be construed as preventing an owner of land from constructing a dike or levee along the bank of a natural watercourse to repel flood waters from such natural watercourse: *Provided,* That the provisions of this act shall apply only to lands used for agricultural purposes and highways lying wholly outside the limits of any incorporated city: *Provided further,* That where such surface water is the overflow of a watercourse on the premises of an adjacent upper landowner and such upper landowner has not constructed or maintained a levee along the bank of such watercourse to prevent overflow, any landowner may make application to the chief engineer of the division of water resources stating in such application that an upper landowner, whose name and address is given in the petition, has not constructed a levee on his land to prevent the overflow from the stream, and requesting permission to build a levee on his own land to repel such flood water. The chief engineer of the division of water resources shall then set a day to examine the location of the proposed levee and shall notify the landowner whose name and address is given in said petition and if he finds said levee should be built he may then grant permission for its construction but if he finds said levee should not be built, then he shall refuse to authorize its construction."

It will be noted this statute does not purport to confer power on the chief engineer to approve plans, the effect of which would be to discharge water, either overflow or natural drainage, upon the land of a lower landowner, to his damage.

Much that is argued by defendants in this appeal is dealt with in the two former appeals.

The judgment of the trial court is affirmed.

HARVEY, C. J., dissents.