No. 44,033

Jacob E. Klassen, Harry Gossen, Harley R. Koop, D. L. Wiens, Edna Wiens, *Appellants*, v. H. J. Regier, Jack Regier, *Appellees*.

(403 P. 2d 106)

Opinion filed June 12, 1965.

*Earl C. Moore*, of Wichita, argued the cause, and was on the brief for the appellants.

*David W. Wheeler*, of Marion, argued the cause, and *Edwin G. Westerhaus* and *D. W. Wheeler*, of Marion, were with him on the brief for the appellees.

The opinion of the court was delivered by

Wertz, J.: This action was instituted by plaintiffs Jacob E. Klassen, Harry Gossen, Harley R. Koop, and D. L. and Edna Wiens (hereinafter referred to as appellants) against defendants H. J. and Jack Regier (hereinafter referred to as appellees) to enjoin the appellees from changing the course of a stream and putting into operation a flood control plan approved by the chief engineer of the division of water resources, and for an order directing the appellees to remove an existing levee.

The pertinent facts may be summarized as follows: On December 21, 1962, appellee H. J. Regier, under the provisions of G. S. 1949, 82a-301 to 305, filed an application and accompanying plans with the chief engineer of the division of water resources requesting permission to enlarge and straighten the existing channel of Wall creek in the southwest quarter of Section 11, Township 20 South, Range 2 East, Marion county. On February 1, 1963, Regier filed a petition with the chief engineer of the division of water resources pursuant to G. S. 1961 Supp., 24-105, which, after stating that upstream landowners had not taken measures to prevent Wall creek from overflowing on their land, requested permission to construct a levee at a designated location in the same quarter section. Regier

also submitted an application under G. S. 1961 Supp., 24-126, requesting the chief engineer's approval of a plan to repair an existing levee.

After notifying the parties, the chief engineer, accompanied by the applicant, Regier, and nineteen other interested parties, examined the location of the proposed levee in accordance with the provisions of G. S. 1961 Supp., 24-105, on May 5, 1963. Following the field examination a public hearing was held at Hillsboro. Thereafter, appellants and appellees filed with the chief engineer briefs containing their respective arguments and the law in support thereof. On July 26, 1963, the chief engineer entered his findings and approved the construction of the entire flood control plan submitted by Regier on the basis that the plan was feasible and not adverse to public interest.

On September 24 appellants filed the present action in the district court of Marion county seeking injunctive relief and, in substance, alleged the chief engineer's conclusions were erroneous. Thereafter, appellees filed their answer, which incorporated the order of the chief engineer of the division of water resources. Appellees filed a motion for summary judgment which was sustained by the district court on April 27, 1964. The order reads:

"The Court is of the opinion that the motion as filed by the defendants on February 18, 1964, in this case should be sustained and it is sustained for the reason that the plaintiffs and the defendants from the record have had a full and complete hearing on all of the questions involved before the Water Resources Board and the department authorized to make such decisions and conduct such hearing."

The appellants have appealed from the above order, contending the trial court erred in sustaining appellees' motion for summary judgment on the theory they are entitled to a full and complete hearing *de novo* before the district court on all issues of law and fact relating to the flood control plan.

At the outset attention is invited to the provisions of G. S. 1961 Supp., 24-105, 24-126, and G. S. 1949, 82a-301 to 305, pursuant to which the chief engineer's findings and orders were made. It would unduly lengthen this opinion to quote each of the foregoing statutes. It suffices to say their provisions commit to the division of water resources the administration of a broad legislative policy for the conservation and control of waters within this state. The chief engineer is given authority, and it is made his duty, to pass upon applications for permits to build levees for the purpose of

repelling surface waters (24-105); to maintain or construct levees or other improvements along or near any stream which is subject to overflow, so as to control, regulate or otherwise change the flood waters of such stream (24-126); and to make obstructions or changes in the course, current or cross-section of any stream (82a-301 to 305). The chief engineer is given the discretionary power either to grant or withhold a permit as he may deem advisable, according to whether the proposed construction or improvement is feasible and not adverse to public interest. On the other hand, since the division of water resources is an administrative body, the chief engineer's orders must be reasonable. (*State, ex rel., v. Dolese Bros. Co.*, 151 Kan. 801, 814, 102 P. 2d 95.)

None of the foregoing statutes provides for a method of appeal to the district court. Appellants concede that in 1963, when the instant action was filed, there was no statutory right of appeal to the district court from orders of the division of water resources. This court, in *City of Kansas City v. Jones & Laughlin Steel Corp.*, 187 Kan. 701, 360 P. 2d 29, held that district courts have no inherent appellate jurisdiction over the official acts of public boards and public officers where no legislative grant or appeal exists. However, courts are always open to hear meritorious complaints against illegal or oppressive acts of nonjudicial public boards and officials, either at the instance of the state or of a private citizen especially aggrieved thereby. In the absence of a statutory right of appeal, judicial redress for illegal, fraudulent or oppressive official conduct must be invoked through some appropriate extraordinary legal remedy recognized in our practice—injunction, mandamus or quo warranto. (*In re Chicago, R. I. & P. Rly. Co.*, 140 Kan. 465, 468, 37 P. 2d 7; *State, ex rel., v. Davis*, 144 Kan. 708, 710, 62 P. 2d 893; *City of Kansas City v. Jones & Laughlin Steel Corp.*, supra, p. 703.) Regardless of the legal remedy followed, where fact-finding powers have been conferred on public boards and officials, their determinations and orders will not be set aside unless an abuse of discretion is *pleaded* and *proved*, that is, unless it is both alleged and proved that the officials acted arbitrarily, capriciously or fraudulently.

In the instant case the petition does not charge the chief engineer with fraudulent conduct or with abuse of discretion. The purport of the charge is that his conclusions pertaining to the flood control plan were erroneous. In any event, the charges and innuendoes leveled at the chief engineer are not charges of bad faith which would entitle the appellants to a judicial review. Moreover,

the record contains ample evidence to establish that the chief engineer undertook to perform his duties honestly and efficiently. Before approving the flood control plan, he examined the location of the proposed levee in accordance with the provisions of G. S. 1961 Supp., 24-105; he held a public hearing at which the proposed improvements were discussed; and he examined affidavits and briefs. No illegal, fraudulent or oppressive official conduct or bad faith having been charged in the petition or shown in the record, the trial court was not at liberty to grant appellants a trial *de novo*. This would be true even though the chief engineer's conclusions may have been erroneous. Error of judgment does not invalidate discretion exercised in good faith. In other words, judicial power may not be interposed to limit or direct the exercise of discretion by administrative officials with respect to matters pending within their authority and control, except where there is a manifest and flagrant abuse of that discretion. (*Allen v. Burrow,* 69 Kan. 812, 821, 77 Pac. 555; *Warburton v. Warkentin,* 185 Kan. 468, 479, 345 P. 2d 992; 2 Am. Jur. 2d, Administrative Law, § 671.) In the *Allen* case this court said:

". . . No rule is better settled than that courts will not interfere with public officers in the discharge of any duty involving the exercise of judgment or discretion, but this rule presupposes the existence of good faith, and relates to acts done under the guidance of opinions honestly formed, *however mistaken in fact;* it has no application to acts done under the influence of a corrupt motive. . . ." (p. 821.) [Emphasis supplied.]

Appellants rely principally upon *Horn v. Seeger,* 167 Kan. 532, 207 P. 2d 953, and *Horn v. Seeger,* 174 Kan. 224, 255 P. 2d 1000, to support their position, but these decisions are not persuasive. In the original *Horn v. Seeger* case, an action was brought by lower landowners for a mandatory injunction to direct defendants to remove a levee on the ground that it caused surface water and overflow water to be discharged on their land. The trial court ordered the defendants to remove a part of the levee, and the judgment was affirmed on appeal. Thereafter, defendants commenced the construction of another levee at a point adjacent to the location of the former one which, when completed, would have had the same effect upon the plaintiffs' land as the levee ordered removed. The proposed levee was approved by the chief engineer of the division of water resources. Defendants in *Horn v. Seeger,* 174 Kan. 194, 255 P. 2d 997, maintained the approval of plans by the chief engineer and the authorization to construct a levee in accordance therewith

superseded the trial court's mandatory injunction. This court held that where a district court has taken jurisdiction, made findings of fact, and entered a judgment thereon, the chief engineer has no power or authority to supersede that judgment. The *Horn v. Seeger* cases are distinguishable in that, unlike the case at bar, the original findings of the district court were made *prior* to the findings of the chief engineer.

We have considered numerous other contentions raised by appellants in their brief but have been unable to discern any error in the trial court's judgment. In view of what has been said, the judgment of the trial court is affirmed.

It is so ordered.