No. 33,031

THE STATE OF KANSAS, ex rel. LESTER M. GOODELL, County Attorney of Shawnee County, *Appellee*, v. J. GLEN DAVIS, T. D. WILLIAMS, ERNEST L. NEWMAN (*Defendant*), THE SECURITY BENEFIT ASSOCIATION, and THE SECURITY BENEFIT HOME AND HOSPITAL ASSOCIATION, *Appellants*.

Opinion filed December 12, 1936.

*George R. Allen, Richard F. Allen, John L. Hunt, Margaret McGurnaghan, John H. Hunt, George M. Brewster,* all of Topeka, and *A. W. Fulton,* of Chicago, Ill., for appellants Security Benefit Association and Security Benefit Home and Hospital Association.

*Hugh T. Fisher, Lester M. Goodell* and *Irwin Snattinger,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action by the state on the relation of the county attorney of Shawnee county to enjoin the county treasurer and county clerk of that county from complying with a certain order of the state tax commission respecting the assessment for taxation of the property of the Security Benefit Home and Hospital Association. That association and the Security Benefit Association were made party defendants. Their demurrer to plaintiff's second amended petition was overruled, and they have appealed.

The pertinent allegations of the attacked petition may be summarized as follows: That the Security Benefit Home and Hospital Association, a corporation, was the owner of a large amount of real and personal property situated in the county, all of which was duly assessed for the purposes of taxation for the year 1934 by the county assessor; that later the association applied to the board of county commissioners, sitting as a board of equalization, for the removal of its property from the tax rolls, which application was denied; that later an application for the same relief was made to the state tax commission, which, after a hearing, found that a substantial portion

of the property was used entirely for charitable and benevolent purposes, and is therefore exempt from taxation, and issued an order to the county clerk and county treasurer of Shawnee county ordering and directing them to correct their records in harmony with its findings and conclusions. The petition further alleges that the Security Benefit Association is a corporation organized and existing under the laws of this state as a fraternal insurance association, with its principal offices at Topeka; that it and the Security Benefit Home and Hospital Association are, to all intents and purposes, the same as one organization, having different names solely for the purpose of operation; that the officers and trustees are the same; that the officers of the Security Benefit Association organized the Security Benefit Home and Hospital Association, and by bylaws provided that the officers and trustees of the Security Benefit Association should perpetually be the officers and trustees of the Security Benefit Home and Hospital Association, and that the latter association should be managed, controlled and directed by the officers and trustees of the Security Benefit Association; that the officers and trustees of the Security Benefit Association, by reason of the authority vested in them, have used and are using the real and personal property of the Security Benefit Home and Hospital Association for the sole benefit of the Security Benefit Association for the purpose of securing members and otherwise carrying on its business as a fraternal insurance association, and that no part of the property in question is used exclusively for charitable or benevolent purposes within the meaning of the constitution and laws of this state. It further alleges that in the hearing before the state tax commission the evidence disclosed the property was used for the purpose of aiding the Security Benefit Association in conducting its fraternal insurance business, and that the holding of the state tax commission that the property was exempt from taxation was contrary to the constitution and laws of the state, and therefore void and ineffective.

The principal question argued here is the force of the findings, conclusions and order of the state tax commission. On behalf of appellants it is argued that the question whether certain property is so used as to be exempt from taxation is a question of fact which the state tax commission had jurisdiction to entertain and determine, and that its findings thereon are conclusive. Appellee contends the question whether certain property is exempt from taxation under our constitution and statutes is a question of law if the facts are agreed upon or have been found, and is a mixed question of law and fact

if the facts are controverted, and that the conclusion of the state tax commission thereon may be inquired into by the courts in a proper proceeding by the aggrieved party. We concur in the views of appellee.

The record and argument indicate an absence of any question before the state tax commission pertaining to the method of assessment, or the value placed upon the property for the purposes of taxation, or of equalizing such value with that of other property. Apparently the sole question before the state tax commission was whether specific property was exempt from taxation under the constitution and laws of our state because of the use being made of it. This necessarily involved the interpretation of the pertinent provisions of our constitution and statutes and their application to the facts agreed upon as shown by the evidence. This is a purely judicial function as distinct from a legislative or administrative one. (*Town of Olsburg v. Pottawatomie County*, 113 Kan. 501, 215 Pac. 451; *State, ex rel., v. Mowry*, 119 Kan. 74, 78, 237 Pac. 1032.)

Conceding that the state tax commission had authority under R. S. 79-1702 to entertain the application made to it, take evidence and rule thereon, its conclusion was advisory rather than binding upon the parties, and did not foreclose a judicial inquiry on the question in an appropriate action initiated by the party aggrieved by the order of the state tax commission. (*Robinson v. Jones,* 119 Kan. 609, 240 Pac. 957; *Chicago, R. I. & P. Rly. Co. v. Ford County Comm'rs,* 138 Kan. 516, 27 P. 2d 229; *Kaw Valley Drainage Dist. v. Zimmer,* 141 Kan. 620, 42 P. 2d 936.)

Appellants contend this is a collateral attack on the order of the state tax commission; that there was an adequate remedy at law, and that injunction is not the proper remedy. It has been held that no direct appeal lies from an order of the state tax commission (*In re Chicago, R. I. & P. Rly. Co.,* 140 Kan. 465, 37 P. 2d 7), yet the aggrieved party is not without remedy (Id. 468). If the state is the aggrieved party it may bring the action (*State, ex rel., v. Mohler,* 98 Kan. 465, 158 Pac. 408), using injunction, mandamus, or quo warranto as is best suited to the circumstances.

Appellants make the point that our statute (R. S. 1933 Supp. 74-2401a) requires that the state tax commission be made a party to an action such as this. We do not so construe the statute. It pertains to authority to hear matters, not to procedure for review. No other reason is suggested why it should be made a party.

The judgment of the trial court is affirmed.