No. 42,066

The City of Kansas City, Kansas, a Municipal Corporation, *Appellant*, v. Jones & Laughlin Steel Corporation; Merck & Company, Inc.; Girten Sales Company; Board of Tax Appeals of the State of Kansas; Board of Trustees of Quindaro Township; R. W. Jensen, County Clerk of Wyandotte County, Kansas, and V. R. Donegan, County Treasurer of Wyandotte County, Kansas, *Appellees*.

(360 P. 2d 29)

Opinion filed March 4, 1961.

*Leo J. Moroney*, city counselor, argued the cause, and *C. W. Brenneisen, Jr.*, city attorney, *Joseph T. Carey*, deputy city attorney, and *Joseph A. Bukaty*, deputy city attorney, were with him on the briefs for the appellant.

*Robert F. Bennett*, of Prairie Village, argued the cause, and *Robert F. Lytle*, of Prairie Village, was with him on the brief for appellees Jones & Laughlin Steel Corporation and Merck & Company, Inc.; *Ervin G. Johnston*, of Kansas City, was on the brief for the appellee Girten Sales Company; *James J. Lysaught*, of Kansas City, argued the cause and was on the brief for appellee Board of Trustees of Quindaro Township, and *Jean Evans*, of Topeka, was on the brief for appellee Board of Tax Appeals of the State of Kansas.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the trial court sustaining appellees' motions to dismiss appellant's attempted ap-

peal from an order of the board of tax appeals on the ground that the district court had no jurisdiction to entertain such appeal. The appellant, the city of Kansas City, will hereinafter be referred to as the city, and the appellees named in the title will be referred to as appellees or taxpayers, as applicable. The pertinent facts follow.

In February, 1956, the city, by ordinance, annexed an industrial district in which the taxpapers' property was located. This property was placed on the tax assessment rolls of the city and a levy was made against it. The mentioned taxpayers paid their taxes in accordance with the levy. Subsequent to the passage of the annexation ordinance, a quo warranto proceeding was filed in this court attacking the validity thereof. This court declared the ordinance invalid. (*State, ex rel., v. City of Kansas City*, 181 Kan. 870, 317 P. 2d 806.)

In July, 1957, in conformity with G. S. 1949, 79-1702, the taxpayers caused to be filed with the board of tax appeals their applications for relief from tax grievances, praying for a modification of the levy and a return of the taxes assessed and paid by virtue of the annexation. Subsequent to our mentioned decision holding the ordinance invalid, the board of tax appeals, on May 28, 1958, entered its orders under the mentioned statute, finding, in substance, that the tax levied by the city was wrongful and the property upon which it was levied was outside the corporate limits of the city, and ordered the county treasurer to refund to the taxpayers the taxes collected from the illegal levy by the city. On June 4, the city attempted to appeal to the district court of Wyandotte county from the orders of the board of tax appeals. Its notice of appeal was filed under the provisions of G. S. 1957 Supp., 74-2426.

Motions to dismiss were lodged against the appeal on various grounds, among which was that the district court had no jurisdiction of the subject matter and was without appellate power to review the action of the board of tax appeals. These motions were sustained and the appeal was dismissed, from which orders the city appeals to this court.

The determinative question in this case is whether there is a right to appeal to the district court from an order of the board of tax appeals made on an original application for relief from a tax grievance filed under G. S. 1949, 79-1702, and if not, whether G. S. 1957 Supp., 74-2426 authorizes appeals from orders made under section 79-1702. Attention is invited to the pertinent portion of G. S. 1957

Supp., 74-2439, which transferred jurisdiction from the state commission of revenue and taxation to the board of tax appeals.

Apart from the general appellate jurisdiction of the district court over all inferior tribunals exercising judicial powers conferred by the civil code (G. S. 1949, 60-3301), that court has no inherent appellate jurisdiction over the official acts of public boards or public officers. Where the latter do not transcend their statutory powers or do not act fraudulently or oppressively, their official acts cannot be challenged in court, except where the legislature has made some special provision for a judicial review. (*In re Chicago, R. I. & P. Rly. Co.*, 140 Kan. 465, 467, 37 P. 2d 7.)

However, the courts are always open to hear meritorious complaints against illegal or oppressive acts of non-judicial public boards and officials, either at the instance of the state or of a private citizen especially aggrieved thereby; but not by appeal where no statute confers a right of appeal. In the absence of a statutory right of appeal, judicial redress for illegal, fraudulent or oppressive official conduct must be invoked through some appropriate extraordinary legal remedy recognized in our practice—injunction, mandamus or quo warranto. (*In re Chicago, R. I. & P. Rly. Co.*, supra, p. 468; *State, ex rel., v. Davis*, 144 Kan. 708, 710, 62 P. 2d 893.)

In the instant case, the taxpayers filed directly with the board of tax appeals their applications for relief from tax grievances under section 79-1702, which provides that where a taxpayer has a grievance not otherwise remediable, he can have redress through the state tax commission, now the board of tax appeals (section 74-2439), which has, among other things, the power to order a refund of the amount found to have been unlawfully charged and collected. Conceding that the board of tax appeals had authority under the mentioned statute to entertain the application made to it, to take evidence and to rule thereon, the legislature made no provision for appeal to the district court from its orders, and no such appeal lies. (*In re Chicago, R. I. & P. Rly. Co.*, supra; *State, ex rel., v. Davis*, supra, p. 710.)

It follows that unless it can be found that G. S. 1957 Supp., 74-2426, relied on by the city, specifically authorized the appeal from the board of tax appeals in the instant case, there is no appeal from the order of the board to the district court under the civil code or any other statute. Section 74-2426 reads in pertinent part:

"Whenever the board of tax appeals shall enter its final order on *any appeal*, said board shall mail a copy of its order by registered or certified mail to the

person, firm, corporation or association who was a party to *such appeal.* Within thirty (30) days after the mailing of the final order of the board, any party to *such appeal* may appeal to the district court of the proper county." [Emphasis supplied.]

The act then provides the venue for appeals from the board to the district court:

"[1] Appeals from orders made under the taxation of legacies and successions act shall be to the district court of the county where the estate is being administered, . . . [2] Appeals from orders made under any excise tax act shall be to the district court of the county in which the party appealing resides, or has his principal place of business, . . . [3] Appeals from any final order made by the board as to ad valorem tax liability shall be to the district court of the county in which the property involved is located, . . ."

It is the city's contention that the last quoted provision of the statute permitted it the right to appeal from the order of the board to the district court of Wyandotte county. It is the appellees' contention that the mentioned section limits the applicability of the statute to such cases as are appealed from the director of revenue or the director of property valuation to the board of tax appeals (G. S. 1957 Supp., 74-2437 and 74-2438).

We are of the opinion that the appellees' contention is correct. While the board of tax appeals has many duties, the appeals which it has power to hear and determine are any of those taken by an aggrieved party from an order or act of the director of revenue or the director of property valuation (sections 74-2437 and 74-2438). It is clear that the first sentence of section 74-2426, as amended by G. S. 1959 Supp., 74-2426, limits the applicability of the statute to such cases as are appealed from the directors to the board of tax appeals, as distinguished from original applications. It is readily apparent that the section is inapplicable to original applications for relief from tax grievances had before the board of tax appeals under G. S. 1949, 79-1702. The provision of the statute relied upon by the city merely fixes the venue of the action in the event of a proper appeal, as hereinbefore related. The appellees' motions to dismiss the appeal were properly sustained by the trial court for want of jurisdiction. The judgment of the trial court is affirmed.

It is so ordered.