No. 42,151

Union Pacific Railroad Company, *Appellant*, v. Eldon Sloan (F. A. Palmer, Substituted), Director of Property Valuation of the State of Kansas, *Appellee.*

(361 P. 2d 889)

Opinion filed May 13, 1961.

*T. M. Lillard,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., E. Gene McKinney,* and *Frank C. Sabatini,* all of Topeka, were with him on the briefs for the appellant.

*Peter F. Caldwell,* of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the trial court's judgment entered on April 15, 1960, sustaining defendant's motion to dismiss plaintiff's appeal from an order of the state board of tax appeals.

The railroad operated its line through the Elwood-Gladden drainage district located in Doniphan county onto and across the railroad's bridge which spanned the Missouri River, a navigable stream. No challenge was made of the fact that the bridge approach on the Kansas end was subject to a five mill tax levy in the year 1958 by the drainage district for benefits from flood control work to be done by the drainage district, but when the county clerk, under G. S. 1949, 79-322 (relating in part to assessing and taxing as personal property a railway bridge over a river forming the boundary line between this and another state), extended the five mill levy against the $200,-000 assessed value of the bridge and entered a $1,000 tax against the bridge, the railroad on December 19, 1958, paid the $1,000 tax under written protest. The written protest claimed illegality of the tax because the Missouri River is a navigable stream over which the federal government has exclusive jurisdiction relating to navigation, drainage and flood control, and including the bridges cross-

ing it. The imposed protested tax violated article XI, section 5, of the Kansas constitution and the fourteenth amendment of the federal constitution, as well as article I, section 8, vesting Congress with power to regulate commerce among the several states.

The Doniphan county commissioners failed to refund the protested $1,000, under G. S. 1949, 79-1701, wherein it is provided that authority to correct errors shall carry with it authority to order refund of taxes shown to have been unlawfully charged and collected; that such authority is first given to the county clerk until November 1 of each year, and then to the board of county commissioners until August 1 of the next following year. The railroad filed its application for refund with the state board of tax appeals pursuant to G. S. 1949, 79-1702 (whereunder that board [see G. S. 1959 Supp. 74-2439] at any time prior to August 1 of the year succeeding the year when the assessment was made, has the authority to order a refund of the amount found to have been unlawfully charged and collected) and pursuant to the provisions of G. S. 1949, 79-2005 (wherein procedure for a payment prior to protest is fully explained and also that within thirty days the taxpayer shall commence an action to recover the protested payment in a court of competent jurisdiction, or file an application for hearing on the validity of the protest with the state board of tax appeals [see G. S. 1959 Supp. 74-2439]). Within ten days of the filing of this application, notice shall be given to the county treasurer along with a true copy of the application filed with the board. The foregoing statutory procedures were fully followed by the railroad in its application to the state board of tax appeals made within thirty days after the protested payment of taxes.

On May 13, 1959, a hearing was conducted before the board of tax appeals and on November 19, 1959, the board entered its order denying the railroad's protest and directing the Doniphan county treasurer to distribute the money paid in under protest but that such treasurer should not comply with the directions until after the expiration of thirty days from receipt of a certified copy of the order.

A copy of the order of November 19, 1959, was served on the railroad on December 1, 1959, and within thirty days, in accordance with the provisions of G. S. 1957 Supp. 74-2426, the railroad gave notice of appeal to the Doniphan county district court from the order of the board of tax appeals. Under the terms of the statute, "the director shall be deemed to be a party to such appeal,

and the clerk of the district court . . . shall . . . without praecipe issue summons and cause the same to be served upon the director. . . ." Thus the only defendant in the appeal before the trial court was Eldon Sloan, then director of the state property valuation department, for whom F. A. Palmer has since been substituted.

On April 15, 1960, the trial court sustained defendant's motion to dismiss the appeal from the order of the board of tax appeals and the railroad brought the instant appeal presenting the sole question as to whether the trial court erred in dismissing the appeal.

It is worthy of mention at this point that this record reflects the tireless efforts on the part of capable and competent counsel in preparing briefs in a clear and concise manner which cover all the pertinent law available in this jurisdiction on the prime issue.

On March 4, 1961, one month prior to the filing of the railroad's reply brief herein, this court handed down an opinion in *City of Kansas City v. Jones & Laughlin Steel Corp.*, 187 Kan. 701, 360 P. 2d 29, which involved a tax grievance such as our present one. No good purpose will be served by reiterating everything that was therein stated and we shall set out only that part which is most pertinent.

"The provisions for appeal to the district court from a final order of the board of tax appeals, under G. S. 1957 Supp. 74-2426, *are applicable only to such matters as are appealed to that board from the orders of the director of revenue or the director of property valuation* (G. S. 1957 Supp., 74-2437 and 74-2438) and have no application to orders made by the board of tax appeals on original applications for relief of tax grievances under the provisions of G. S. 1949, 79-1702." (Syl. ¶ 3.) (Emphasis supplied.)

The railroad contends the above Kansas City case is distinguishable from our present one because in that case no payment of tax under protest was made but nothing stated in that opinion would lead to a conclusion that such a variation in circumstances would require a contrary holding in this case.

Judgment affirmed.