No. 44,315

Dr. Robert D. Ostler, *Appellee*, v. B. A. Nickel, R. D. Weaverling and J. C. Rust, constituting the Board of Examiners in Optometry of the State of Kansas, *Appellant*.

(413 P. 2d 303)

Opinion filed April 9, 1966.

*Wendell L. Garlinghouse,* of Topeka, argued the cause and was on the brief for the appellant.

*Arthur E. Palmer,* of Topeka, argued the cause, and *Lester M. Goodell, Marlin S. Casey, Ernest J. Rice, Murray F. Hardesty, Glenn D. Cogswell, Gerald 'L. Goodell, Wayne T. Stratton, Robert E. Edmonds, Thomas E. Wright,* and *Roger R. Viets,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: On September 19, 1964, the State Board of Examiners in Optometry (hereafter referred to as the board) issued an order forfeiting the certificate of registration and license to practice optometry of Dr. Robert D. Ostler (hereafter referred to as plaintiff), for alleged violation of the provisions of K. S. A. 65-1503.

On October 5, 1964, plaintiff filed a notice of appeal from that order to the district court and at the same time filed an application for an order restraining the board from forfeiting his certificate and license pending the outcome of the appeal, and for a further order

requiring the board to furnish copies of the proceedings relating to the measures taken in regard to him.

On the same day—October 5, 1964—the application was heard *ex parte*, and an order was issued restraining the board from forfeiting the certificate of registration and license to practice optometry—"pending the final hearing of this appeal."

On November 3, 1964, the board filed a motion to dissolve and vacate that order on grounds hereafter mentioned, and also a motion to dismiss plaintiff's appeal.

Following a hearing, the court, on March 3, 1965, sustained plaintiff's motion for production of the board's records, and overruled the board's motions to dissolve and vacate the order of October 5, 1964, and to dismiss the appeal.

From that order the board has appealed to this court.

It first is contended plaintiff's attempted appeal was premature and therefore ineffective in that he did not make application to the board for restoration of his certificate and license, as provided by K. S. A. 65-1503. We find no such "condition precedent" in the statute and the contention is without merit.

It next is contended that plaintiff did not properly perfect his appeal to the district court as provided by K. S. A. 60-2101, in that in the first instance the notice of appeal was "filed" with the clerk of the district court rather than with the board. The record shows that Mr. Rice, plaintiff's attorney, filed the notice of appeal with the clerk of the district court and on the same day caused copies of the notice to be sent by registered mail, with return receipt requested, to each of the members of the board and to Mr. Garlinghouse, its attorney, and that such copies were received by the addressees. It may not be said this did not constitute compliance with the statute, and the contention that the appeal was not properly perfected is held to be without substantial merit.

The motion by plaintiff for production of the records was properly sustained. The motion by the board to dismiss the appeal was properly overruled.

This brings us to questions pertaining to the *ex parte* order of October 5, 1964, restraining the board from forfeiting plaintiff's certificate of registration and license to practice "pending the final hearing of this appeal."

Throughout this case plaintiff has treated that order as being a "restraining order"—whereas the board has contended it was a

"temporary injunction." Under the facts, however, discussion of any fine-spun distinction is unnecessary.

K. S. A. 60-902 provides that when it appears by a verified pleading that a party is entitled to the relief demanded and such relief or any part thereof consists in restraining the commission or continuance of some act—an order may be granted to restrain such act.

Here the application for the order in question was not verified— it merely contained an "acknowledgment" of plaintiff's signature. Whether the order be considered as a restraining order or a temporary injunction—is was erroneously issued on an unverified application.

K. S. A. 60-906 provides that every order granting an injunction and every restraining order shall set forth the reasons for its issuance.

Here the order in question was silent as to the reasons for its issuance, and was therefore erroneous in that respect.

K. S. A. 60-903 provides that a restraining order may be issued without notice or bond, but that if it appears to the judge that a restraining order may result in damage to the party restrained a bond may be required, and that an application for a restraining order shall also be considered as an application for a temporary injunction and that the order shall remain in force until the hearing on the application for a temporary injunction. K. S. A. 60-905 provides that no temporary injunction shall be granted until after reasonable notice to the party to be enjoined and an opportunity to be heard, and that unless otherwise provided by statute no temporary injunction shall operate unless the party obtaining the same shall give a bond securing to the party injured the damages he may sustain, including attorney fees, if it be finally determined that the injunction should not have been granted.

Regardless whether the order of October 5, 1964 be considered as a restraining order or a temporary injunction—and there appear to be good reasons why it should be classified as the latter—of a certainty it ripened and matured into a temporary injunction—and plaintiff so concedes—when, on March 3, 1965 the court denied the board's motion to dissolve and vacate. No bond was ordered or given—in violation of K. S. A. 60-905.

In this appeal plaintiff seeks to avoid the effect of the mentioned omissions and errors by contending that they did not prejudicially affect the substantial rights of the board and therefore should be

disregarded as being purely technical errors and irregularities within the meaning of K. S. A. 60-2105.

The contention cannot be sustained. From beginning to end—as above pointed out—various mandatory provisions and requirements of the injunction statutes were ignored, and plaintiff is not permitted to take refuge under K. S. A. 60-2105.

The order of March 3, 1965, overruling the board's motion to dissolve and vacate the order of October 5, 1964, which restrained the board from forfeiting plaintiff's certificate of registration and license to practice "pending the final hearing of this appeal" is therefore reversed.