No. 48,957

MARY FRANCES EVERETT, *Complainant,* and THE KANSAS COMMISSION ON CIVIL RIGHTS, *Appellants,* v. BLUE CROSS-BLUE SHIELD ASSOCIATION, *Respondent-Appellee.*

(587 P.2d 873)

Opinion filed December 9, 1978.

*Roger W. Lovett,* of Topeka, argued the cause and was on the brief for appellants.

*Thomas E. Wright,* of Goodell, Cogswell, Stratton, Edmonds, Palmer & Wright, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by Mary Frances Everett and The Kansas Commission on Civil Rights from an order of the district court of Shawnee County in favor of the respondent, Blue Cross-Blue Shield Association.

At the outset we are confronted with a matter of jurisdiction. Appellant Mary Frances Everett was successful on her initial complaint filed with the Commission under the provisions of the Kansas act against discrimination, K.S.A. 44-1001 *et seq.* Blue Cross-Blue Shield appealed to the district court, which found in favor of the respondent on August 30, 1976. The journal entry was filed November 3, 1976, and the notice of appeal to this court was not filed until December 30, 1976.

The respondent contends the appeal to this court was filed out of time as it was not filed within thirty days of November 3, 1976, as specified by K.S.A. 44-1011. Appellants contend the time in which to file their notice of appeal is sixty days under the provisions of K.S.A. 60-2103.

K.S.A. 44-1011 provides in part:

"The jurisdiction of the district court of the proper county as aforesaid shall be exclusive and its final order or decree shall be subject to review by the supreme

court as in other cases upon appeal within thirty (30) days of the filing of such decision."

K.S.A. 60-2103(a) (Corrick, 1964), in effect at the time in question provided in part:

"(a) When an appeal is permitted by law from a district court to the supreme court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by section 60-258, except that in any action in which the state, or an officer or agency thereof, is a party the time as to all parties shall be sixty (60) days from such entry . . . ."

Appellants contend that as The Kansas Commission on Civil Rights is a state agency they had 60 days to file their notice of appeal.

In *Brinson v. School District,* 223 Kan. 465, 467, 576 P.2d 602 (1978), this court noted that the right to appeal "is strictly statutory in nature" and "may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely."

"In this state the legislature has provided an omnibus statute authorizing appeals to the district court from orders of any tribunal, board or officer exercising quasi-judicial functions. This authorization at the time of the present appeal was K.S.A. 1974 Supp. 60-2101(a), now K.S.A. 60-2101(d). As in the case of all general statutes 60-2101(a) now (d), does not apply to appeals where a special statute has been provided by the legislature. Examples of special appeal statutes affecting decisions of administrative boards may be found in K.S.A. . . . 44-1011 . . . ." 223 Kan. at 467-468.

The provisions of K.S.A. 44-1011, a special statute, control over those of K.S.A. 60-2103, a general statute. *Hiett v. Brier,* 2 Kan. App. 2d 610, 586 P.2d 55 (1978); *Brinson v. School District,* 223 Kan. 465, 576 P.2d 602 (1978); *In re Waterman,* 212 Kan. 826, 512 P.2d 466 (1973).

The appeal in the present action was not filed within thirty days as required by K.S.A. 44-1011 and the court has no jurisdiction to hear the appeal.

The appeal is dismissed.