No. 51,228

IN THE MATTER OF THE APPLICATION OF LAKEVIEW GARDENS, INC., FOR
RELIEF FROM A TAX GRIEVANCE IN SEDGWICK COUNTY, KANSAS

(605 P.2d 576)

Opinion filed January 19, 1980.

*R. K. Hollingsworth,* assistant county counselor, argued the cause, and *Russell D. Canaday,* was with him on the brief for appellants Sedgwick County Board of County Commissioners, Appraiser, Treasurer and Clerk.

*Edwin P. Carpenter,* of Hiatt, Crockett, Hiatt & Carpenter, Chartered, of Topeka, argued the cause and was on the brief for appellee Lakeview Gardens, Inc.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the Board of County Commissioners, the county appraiser, the county treasurer, and the county clerk of Sedgwick County, from judgment of the Shawnee District Court reversing a decision of the Board of Tax Appeals. The issues are whether the trial court had jurisdiction to entertain the appeal from the Board of Tax Appeals under present statutes, and whether K.S.A. 79-207 is constitutional.

Lakeview Gardens, Inc. is a Kansas cemetery corporation which operates a for-profit cemetery in Sedgwick County. Land adjacent to the cemetery is owned by Lakeview Mortuary, Inc., a separate Kansas for-profit corporation. The cemetery and mortuary corporations have common shareholders and directors.

Lakeview Gardens, Inc. acquired a sizeable tract of real estate in 1976, including what we will refer to as Tracts One, Two, and Three. Lakeview Gardens as grantor then transferred a five-acre portion of this land, Tract One, to itself, dedicating that five acres irrevocably to the burial and entombment of human remains. Lakeview Gardens applied to the Board of Tax Appeals for an exemption pursuant to K.S.A. 79-201c *Third* of that five-acre tract from taxation, and on November 9, 1977, the Board granted the application and exempted that tract from taxation so long as it is used exclusively for burial purposes.

Meanwhile, Lakeview Gardens conveyed a separate tract, Tract Two, to Lakeview Mortuary. The latter erected on Tracts Two and Three a commercial structure which is divided by a common wall placed exactly on the boundaries between these two tracts. On the Tract Three side of the wall is a mausoleum, which may be entered through its own exterior doors, or through doors opening through the common wall. On the Tract Two side of the wall is a chapel, office space for the two corporations, and a mortuary.

Tract Three, land lying between the common wall and Tract One, and including the mausoleum portion of the building, was dedicated irrevocably for burial purposes, and one or more persons were entombed therein. Lakeview Gardens then filed an original application with the Board of Tax Appeals, asking that Tract Three be exempted from taxation.

The Board heard the matter and on January 8, 1979, entered its order denying the application as to Tract Three and setting aside its order of November 9, 1977, granting exemption to Tract One. The Board's order reads in part as follows:

"18. That Lakeview Gardens, Inc., a corporation engaged in the ownership, operation and management of a cemetery indirectly owns, manages, conducts and operates a mortuary adjacent to and in connection with their cemetery as contemplated by K.S.A. 79-207.

"19. That an act of the legislature is presumed to be constitutional, and that K.S.A. 79-207 will be given full effect by this Board.

"IT IS, THEREFORE, BY THE STATE BOARD OF TAX APPEALS OF THE STATE OF KANSAS, CONSIDERED AND ORDERED:

"1. That order of November 9, 1977 by this Board which exempts the real estate in question from taxation is hereby set aside and revoked.

"2. The real estate of the applicant in question shall be subject to real estate taxes pursuant to K.S.A. 79-207. Such taxes shall be levied on such property in question for the period beginning January 13, 1977.

"3. That the application requesting relief from a tax grievance, be, and the same is hereby denied."

Lakeview Gardens, on January 26, 1979, filed a notice of appeal and a cash bond of $25 in the Sedgwick District Court "pursuant to K.S.A. 74-2426, as amended." Copies of the notice were mailed to the Secretary of the State Board of Tax Appeals and the Sedgwick County Attorney, and summons was served upon the Board of County Commissioners of Sedgwick County and on the Attorney General. The Board of County Commissioners, appearing by the county counselor, answered and moved to dismiss,

contending that no right of appeal exists under K.S.A. 74-2426. Lakeview then sought to amend its notice of appeal by substituting "pursuant to K.S.A. 60-2101(d) as amended" for "pursuant to K.S.A. 74-2426, as amended." Leave to make that change was granted, and the case was transferred to the Shawnee District Court, where the appeal was briefed and argued. The trial judge adopted all of the findings of fact of the Board of Tax Appeals except No. 19; the judge then held that K.S.A. 79-207 is unconstitutional and void, set aside the Board's order, and ordered the property removed from the tax rolls.

The trial judge made no specific finding as to the basis for jurisdiction. The statute first designated by Lakeview Gardens as the basis for its appeal is K.S.A. 1979 Supp. 74-2426; it provides in part:

"Whenever the board of tax appeals shall enter its final order on any appeal, said board shall make written findings of fact forming the basis of such determination and final order and such findings shall be made a part of such final order. Within ten (10) days after its decision the board shall mail a copy of its order to all parties to such appeal. The appellant and the county appraiser shall be served by certified or registered mail. Within thirty (30) days after the mailing of the final order of the board, any party to such appeal may appeal to the district court of the proper county. Whenever the director of taxation or the director of property valuation shall have been a party to the appeal to the board, such director may appeal to the district court from an adverse ruling by such board.

"Appeals shall be taken by filing, with the clerk of the district court of the proper county, a written notice stating that the party appeals to the district court, and alleging the pertinent facts upon which such appeal is grounded. Upon filing of the notice of appeal, the clerk of the district court shall docket the cause as a civil action, and shall forthwith and without praecipe, issue summons and cause the same to be served upon all parties involved in the appeal to the board of tax appeals, in accordance with the manner now provided by law in civil cases. Jurisdiction to hear and to determine such appeals is hereby conferred upon the district courts of this state. Such an appeal shall not be heard as a trial *de novo* but shall be limited to the transcript of the board and any other public records of which the board can be held to have taken notice. Trial may be had or any order made in term or vacation. Appeals may be taken from the district court to the supreme court by any party to the appeal as in civil cases, except that neither the director of property valuation nor the director of taxation shall be required to give bond on appeal. The final decision made in such appeals may be entered as a judgment as in other civil cases for or against the party appealing."

This proceeding was commenced as an original tax grievance before the Board of Tax Appeals pursuant to K.S.A. 79-1702. That statute authorizes any person having a grievance not remediable under K.S.A. 79-1701 or 79-1701a (dealing with clerical errors), or

remedial thereunder but not remedied by the proper officials, to present the matter to the Board of Tax Appeals. Article 24 of chapter 74 of the Kansas Statutes Annotated provides for the creation of the Board, and K.S.A. 74-2439(d) grants the Board power to correct errors and irregularities under the provisions of article 17 of chapter 79. K.S.A. 79-1702 empowers the Board to grant appropriate relief by canceling or abating taxes or by ordering refunds. We find no specific grant of authority to the Board of Tax Appeals to declare property exempt, and we find no statute providing that the Board's authority in that area is exclusive. However, we hold this proceeding properly instituted under K.S.A. 79-1702, since that statute by its broad and general terms grants the Board authority to declare property exempt and to cancel or abate taxes upon it.

The tax grievance statutes, article 17 of chapter 79 of the Kansas Statutes Annotated, contain no specific provision for appeal to the courts from orders of the Board correcting or refusing to correct irregularities. K.S.A. 1979 Supp. 74-2426 has heretofore been narrowly construed by this court. In *City of Kansas City v. Jones & Laughlin Steel Corp.*, 187 Kan. 701, 704, 360 P.2d 29 (1961), we held that "the first sentence of section 74-2426  .  .  . limits the applicability of the statute to such cases as are appealed from the directors [of revenue and property valuation] to the board of tax appeals, as distinguished from original applications. It is readily apparent that the section is inapplicable to original applications for relief from tax grievances had before the board of tax appeals under G. S. 1949, 79-1702." We noted that relief could be sought in an original action for injunction, mandamus or quo warranto, but not by way of appeal. The *Jones & Laughlin* rule was followed in *Union Pacific Railroad Co. v. Sloan*, 188 Kan. 231, 361 P.2d 889 (1961). We affirmed the district court's dismissal of the attempted appeals in both *Jones & Laughlin* and *Union Pacific*. Also, see *Walkemeyer v. Stevens County Oil & Gas Co.*, 205 Kan. 486, 492, 493, 470 P.2d 730 (1970).

Nevertheless, that statute has been misunderstood by counsel, and this court has not assiduously enforced the statute's jurisdictional limitations. Appeals to the district courts and then to this court, arising out of applications to the Board of Tax Appeals for relief from tax grievances, were premised upon K.S.A. 74-2426 in both *Topeka Cemetery Ass'n v. Schnellbacher*, 218 Kan. 39, 542

P.2d 278 (1975), and *Defenders of the Christian Faith v. Board of County Commissioners,* 219 Kan. 181, 547 P.2d 706 (1976). No issue as to jurisdiction was raised in either case by the parties or by this court.

Be that as it may, it is clear from the statutory history, and from our earlier cases, that K.S.A. 1979 Supp. 74-2426 does not authorize appeal to the courts from the final order entered in original tax grievance proceedings before the Board of Tax Appeals. We see no reason to deviate from the rule laid down in *Jones & Laughlin.* We therefore hold that K.S.A. 1979 Supp. 74-2426 provides no avenue of appeal for the taxpayer, Lakeview Gardens, in the matter now before us.

Appellant argues that since no appeal is authorized under K.S.A. 1979 Supp. 74-2426, the Sedgwick District Court lacked appellate jurisdiction not only to determine the appeal on the merits, but also to authorize an amendment of the notice of appeal or to transfer the matter to the Shawnee District Court. Appellant contends, and appellee concedes, that appeal should have been perfected pursuant to K.S.A. 1979 Supp. 60-2101(*d*). Neither statute requires recital in the notice of appeal of the statutory authority relied upon, thus the amended portion was not a critical or necessary component of the notice. If an appeal was authorized by any statute, and if the appeal was lodged in the wrong district court, could that court transfer the matter to the correct court? We think it could.

The district courts of Kansas are no longer separate entities; all are part of a single and unified court of justice as mandated by art. 3, § 1 of the Constitution of Kansas. Both statutes 74-2426 and 60-2101(*d*) confer jurisdiction upon district courts to hear administrative appeals. If a right to appeal is conferred by statute, that right should not be defeated because of the designation of an improper district court by the appellant; if venue is nonexistent in the designated court, a transfer to the court of proper venue should be permitted if the ends of justice are served and no prejudice results.

The federal district courts, being courts of limited jurisdiction, require that a statement of the grounds upon which jurisdiction depends be included in each pleading which sets forth a claim for relief, whether by way of original claim, counterclaim, crossclaim, or third-party claim. Rule 8, F. R. Civ. P. Nevertheless, it is

said that amendments of jurisdictional statements should be permitted "whenever it appears that a basis for federal jurisdiction in fact exists . . . and can be stated . . ." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1214, p. 107 (1969); and see Moore's Federal Practice, § 15.09. Federal practice also allows deviation in the notice of appeal, as failure of the notice to correctly designate the court to which appeal is taken does not vitiate the appeal. *Graves v. General Insurance Corporation,* 381 F.2d 517 (10th Cir. 1967). Under our Kansas practice, although timely filing of notice of appeal is jurisdictional (*Everett v. Blue Cross-Blue Shield Ass'n,* 225 Kan. 63, 587 P.2d 873 [1978]), failure to strictly comply with other prerequisites for appeal, such as timely payment of the docket fee (*Avco Financial Services v. Caldwell,* 219 Kan. 59, 547 P.2d 756 [1976]), and timely designation of the record (*Kleibrink v. Missouri-Kansas-Texas Railroad Co.,* 224 Kan. 437, 581 P.2d 372 [1978]), are not jurisdictional where no prejudice results.

Here Lakeview filed timely notice of appeal and amendment of the jurisdictional grounds did not result in prejudice. Although notice of appeal was filed with the district court rather than with the agency as required in K.S.A. 1979 Supp. 60-2101(*d*), a copy of the notice was served upon the agency. The county officials were also notified and now allege no prejudice arising from amendment. The amendment here served the ends of justice and under such conditions leave to amend should be freely given. See K.S.A. 60-215.

Returning to the matter of transfer, we note that similar transfers of administrative review proceedings occur in the federal courts where an appeal is filed in a court lacking proper venue. See 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction § 3944, pp. 342-343 (1977), and cases cited therein. We hold that where an administrative appeal is timely filed in a district court lacking venue, then in the interest of justice and absent any showing of prejudice, the matter may be transferred to the district court of the proper county. The Sedgwick District Court did not err in allowing amendment and in ordering the proceeding transferred, if the appeal had statutory authorization.

We must now examine K.S.A. 1979 Supp. 60-2101(*d*) and our decisions thereunder to determine if that statute authorizes the appeal here attempted. The statute reads:

"A judgment rendered or final order made by an administrative board or officer exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require. A docket fee shall be required by the clerk of the district court as in the filing of an original action."

There are two statutory prerequisites for appeal under § 60-2101(*d*) which are of concern in this proceeding: (1) the appeal must be from an order resulting from the exercise of a judicial or quasi-judicial function, and (2) there must be no other means for perfecting the appeal. Further, the effect of any special statute authorizing or prohibiting appeal must be determined.

We have previously discussed and defined judicial or quasi-judicial functions. In *Thompson v. Amis,* 208 Kan. 658, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972), we quoted the statute as it then appeared, K.S.A. 60-2101(*a*) (Corrick), and we said:

"It is noted the statute as written includes boards or officers exercising quasi-judicial functions.

. . . .

"[Q]uasi-judicial is a term applied to administrative boards or officers empowered to investigate facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of judicial nature." (pp. 662-663.)

See also *Adams v. Marshall,* 212 Kan. 595, 512 P.2d 365 (1973).

More recently, in *Suburban Medical Center v. Olathe Community Hosp.,* 226 Kan. 320, 597 P.2d 654 (1979), we said:

"In determining whether an administrative agency performs legislative or judicial functions, the courts rely on certain tests; one being whether the court could have been charged in the first instance with the responsibility of making the decisions the administrative body must make, and another being whether the function the administrative agency performs is one that courts historically have been accustomed to perform and had performed prior to the creation of the administrative body.

"A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist; whereas, legislation looks to the future and changes existing conditions by making a new

rule to be applied thereafter to all or some part of those subject to its power." (Syl. ¶¶ 1 and 2.)

In *State, ex rel., v. Davis,* 144 Kan. 708, 62 P.2d 893 (1936), we considered the function of the state tax commission in determining whether property was exempt from taxation. We said:

"Apparently the sole question before the state tax commission was whether specific property was exempt from taxation under the constitution and laws of our state because of the use being made of it. This necessarily involved the interpretation of the pertinent provisions of our constitution and statutes and their application to the facts agreed upon as shown by the evidence. *This is a purely judicial function as distinct from a legislative or administrative one."* (Emphasis supplied.) (p. 710.)

The Board of Tax Appeals was performing the same function in the case now before us as the state tax commission performed in *Davis.* Under the rationale of *Amis, Suburban Medical Center* and *Davis,* we hold that the Board was performing a judicial or quasi-judicial function within the meaning of section 60-2101(*d*).

We come now to the final jurisdictional issue: does the presence of a special statute authorizing appeals from some orders of the Board of Tax Appeals indicate a legislative intent to preclude appeals under section 60-2101(*d*) of judicial or quasi-judicial rulings outside of the scope and limitations of the special appeals statute? We have not directly addressed this issue previously.

Section 74-2426 was first enacted as L. 1943, ch. 290, § 12 (see G.S. 1943 Supp. 74-2426). It provided for appeals to the district courts from final orders entered under the provisions of certain designated tax acts, following a hearing, by the state commission of revenue and taxation. A major revision was enacted in 1957. Chapter 429 of the Laws of 1957 abolished the state commission of revenue and taxation and transferred its duties to three new administrative entities which were created, the Board of Tax Appeals, the director of revenue, and the director of property valuation. Section 11 of chapter 429, now codified as K.S.A. 74-2438, authorizes appeals from the director of revenue and the director of property valuation to the Board of Tax Appeals. Section 12 of chapter 429 amended G.S. 1949, 74-2426, authorizing appeal to the district courts from any "final order on any appeal" by the Board of Tax Appeals. The statute as then amended is much in its present form, K.S.A. 1979 Supp. 74-2426.

The language "final order on any appeal" clearly refers to appeals from orders of the director of revenue or the director of

property valuation. This is indicated by the placement of the amending section, § 12, ch. 429, L. 1957. This interpretation was adopted in *City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. at 704, quoted earlier in this opinion.

Chapter 429 of the laws of 1957, establishing the Board and a limited right of appeal under 74-2426, also authorized the Board to correct errors and irregularities under article 17 of chapter 79. L. 1957, ch. 429, § 6(*e*). Chapter 429, however, did not include a means for appeal from Board orders in tax grievances. Section 60-3301 of the General Statutes of 1949, the predecessor of K.S.A. 60-2101, provided for appeal from judicial tribunals but not from administrative agencies, including the state tax commission. *In re Chicago, R. I. & P. Rly. Co.,* 140 Kan. 465, 37 P.2d 7 (1934). If the legislature had wished to create a right to appeal from Board orders in grievance matters heard under 79-1702, a special appeals statute would have been required. See *Anderson v. Hedges,* 160 Kan. 665, 165 P.2d 425 (1946). Chapter 429 also conferred upon the Board authority to hear tax protest actions under 79-2005. L. 1957, ch. 429, § 6(*f*). Special means for obtaining court determination following Board rulings thereon existed under 79-2005, indicating legislative awareness that neither 74-2426 nor 60-3301, the predecessor of 60-2101(*d*), provided for appeals from Board action initiated upon original petition. The omission in chapter 429 of a special means for appeal from Board determination of tax grievance matters, together with the inclusion of limited appeal under 74-2426 and non-amendment of review under 79-2005, indicate legislative preclusion of appeal.

Case law holds appeal from judicial and quasi-judicial acts of administrative agencies or boards under 60-2101(*d*) is precluded by statutes providing that the board action "shall be conclusive." *State, ex rel., v. Unified School District,* 218 Kan. 47, 542 P.2d 664 (1975); *Hiett v. Brier,* 2 Kan. App. 2d 610, 586 P.2d 55 (1978). Intent to preclude appeal based upon statutory analysis is similarly compelling.

Counsel have cited and our research has disclosed no case in which the appellate courts of this state have held K.S.A. 1979 Supp. 60-2101(*d*) to be the proper basis for an appeal to the courts from an order of the Board of Tax Appeals. We have held that statute to be authority for appeals from a number of other agencies. See *Ostler v. Nickel,* 196 Kan. 477, 413 P.2d 303 (1966) and

*Copeland v. Kansas State Board of Examiners in Optometry,* 213 Kan. 741, 518 P.2d 377 (1974), appeals from the optometry board; *Lauber v. Firemen's Relief Association,* 202 Kan. 564, 451 P.2d 488 (1969) and *Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System,* 205 Kan. 780, 473 P.2d 72 (1970) and 212 Kan. 137, 510 P.2d 160 (1973), appeals from boards controlling injury and retirement funds; *Thompson v. Amis,* 208 Kan. 658, appeal from the Civil Service Board; *Powers v. State Department of Social Welfare,* 208 Kan. 605, 493 P.2d 590 (1972), *Gordon v. Harder,* 211 Kan. 611, 507 P.2d 341 (1973), and *Van Valkenburgh v. State Board of Social Welfare,* 211 Kan. 754, 508 P.2d 875 (1973), appeals from the Board of Social Welfare; *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.,* 217 Kan. 546, 539 P.2d 1 (1975), appeal from an appeals panel of a regional health care planning agency; and *Schulze v. Board of Education,* 221 Kan. 351, 559 P.2d 367 (1977), an appeal from an administrative hearing before a board of education. In none of these cases, however, were there in existence any special statutes authorizing appeals from the administrative agency from which appeal was taken.

*Brinson v. School District,* 223 Kan. 465, 576 P.2d 602 (1978), was an appeal from the order of a school board, denying relief to a teacher in a grievance proceeding. We discussed at some length appeals to the courts from administrative agencies, saying:

"The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely. It lies within the legislative domain to determine from what orders or judgments an appeal may be taken. . . . Courts have no inherent appellate jurisdiction over the official acts of administrative officials or boards except where the legislature has made some statutory provision for judicial review. . . . In the absence of a statutory provision for appellate review of an administrative decision no appeal is available but relief from illegal, arbitrary and unreasonable acts of public officials and boards can be obtained by using such equitable remedies as quo warranto, mandamus, or injunction. . . .

"In this state the legislature has provided an omnibus statute authorizing appeals to the district court from orders of any tribunal, board or officer exercising quasi-judicial functions. This authorization at the time of the present appeal was K.S.A. 1974 Supp. 60-2101(*a*), now K.S.A. 60-2101(*d*). As in the case of all general statutes 60-2101(*a*), now (*d*), does not apply to appeals where a special statute has been provided by the legislature. Examples of special appeal statutes affecting decisions of administrative boards may be found in K.S.A. 8-259, 65-504, 44-1011, 65-2848, and 44-556. The scope of review provided by the legislature under any

appeal statute depends upon the intent of the legislature as expressed in each particular statute and as interpreted by this court." (pp. 467-468.)

*Bush v. City of Wichita,* 223 Kan. 651, 576 P.2d 1071 (1978), holds there is no appeal under 60-2101(*d*) from a finding of no probable cause by the Kansas Commission on Civil Rights. The opinion considers the relevancy of a special appeals statute, K.S.A. 44-1011, allowing appeal from orders of the KCCR. Justice Fromme said:

"Every appeal from a decision of the KCCR is governed and limited by the provisions of K.S.A. 44-1011 and if an appeal from a 'no probable cause' finding is not authorized under that section then no appeal is possible. As is the case of all general statutes K.S.A. 60-2101(*d*) does not apply to appeals where a special statute, such as K.S.A. 44-1011, has been provided by the legislature. (*Brinson v. School District,* [223 Kan. 465, 576 P.2d 602 (1978)].)" (p. 654.)

Here we are faced with a special statute, K.S.A. 1979 Supp. 74-2426, which is quite restrictive of the areas in which appeals to the courts may be taken from the Board of Tax Appeals. The legislature has considered various amendments to that statute in recent sessions, but we find no indication of any intent to expand the right of appeal to the courts in any manner here material. Courts should not expand the right of appeal from administrative bodies by judicial fiat. It lies within the legislative prerogative to determine the bounds within which appeal to the courts may be taken from the action of administrative agencies, boards, or officials. The courts must not encroach upon the legislative domain in that sphere. This is particularly true and pertinent in regard to matters relating to assessment and taxation, which are essentially legislative and administrative in character.

We conclude that the special statute, K.S.A. 1979 Supp. 74-2426, is exclusive, and that the general appeals statute, K.S.A. 1979 Supp. 60-2101(*d*), does not apply to appeals from the Board of Tax Appeals, and does not enlarge the limited right of appeal from that agency provided by the special statute. It follows that the trial court had no jurisdiction to entertain this appeal.

We should point out, however, that the taxpayer is not without remedy; direct action for injunction, quo warranto, mandamus, or declaratory judgment may be utilized, though appeal is not available.

As noted above, both parties to this appeal mistakenly concede that jurisdiction for the appeal to district court lies under K.S.A.

1979 Supp. 60-2101(*d*); the parties do not raise the specific jurisdictional issue which we hold determinative of this appeal. It is the duty of this court, however, to raise the question of jurisdiction on its own motion; and where the district court had no jurisdiction, this court does not acquire jurisdiction over the subject matter upon appeal. *Thompson v. Amis,* 208 Kan. 658, Syl. ¶¶ 2 and 3.

The judgment is reversed and the case is remanded to the district court with directions to dismiss the appeal.

SCHROEDER, C.J., dissenting: The legislature in K.S.A. 1979 Supp. 60-2101(*d*) specifically authorized appeals from an administrative board *exercising* judicial or *quasi-judicial functions.* It is conceded by the court that the Board of Tax Appeals is an administrative board exercising quasi-judicial functions in this instance. *The foregoing statute was construed to be all inclusive* in granting appeals from administrative bodies exercising quasi-judicial functions in *Lauber v. Firemen's Relief Association,* 202 Kan. 564, 572, 451 P.2d 488 (1969). In *Lauber* the court said:

"It was held in *City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, 360 P.2d 29, that in the absence of statutory provisions therefor, district courts were without jurisdiction to entertain appeals from nonjudicial acts of administrative officials or boards. The provisions of 60-2101(*a*), *supra,* [now 60-2101(*d*)] adopted by the legislature since that case, *expand the appellate review to final orders of such agencies if the order is the exercise of quasi-judicial authority.* This includes the decisions of administrative agencies, boards or tribunals." (Emphasis added.)

The *Lauber* case is controlling on the construction of 60-2101(*d*) and confers jurisdiction on the district court to hear the appeal. In view of the court's decision, consideration of the points asserted on appeal are unnecessary.

HOLMES and HERD, JJ., join in the foregoing dissenting opinion.