(626 P.2d 810)

No. 51,659

WILLIAM M. HALSEY, *Appellant,* v. CESSNA AIRCRAFT CO. and IN-
TERNATIONAL ASSOCIATION OF MACHINISTS and AEROSPACE
WORKERS, DISTRICT 70, CESSNA LODGE, *Appellees.*

Opinion filed
April 17, 1981.

*Phil Unruh,* of Danville, for appellant.

*John C. Frank,* of Wichita, and *M. Ralph Baehr,* of Render & Kamas, of Wichita, for appellees.

Before REES, J., presiding, JUSTICE MILLER and STEVEN P. FLOOD, District Judge, assigned.

FLOOD, J.: Plaintiff William Halsey appeals from a judgment for the defendant on the pleadings and stipulations of the parties determining that a union dues payroll deduction authorization was unambiguous and irrevocable for a period of one year from the first payroll deduction. Plaintiff's request for an injunction and for return of dues deducted was accordingly denied.

Plaintiff was an employee of Cessna Aircraft Company. On November 13, 1978, he applied for membership in The International Association of Machinists and Aerospace Workers, District 70, Cessna Lodge (hereinafter "Union"), and signed a "Payroll Deduction Authorization for Union Dues." The authorization contains the following clause regarding revocation:

"This assignment and authorization shall be irrevocable for a period of one year from the date of the first payroll deduction pursuant to this authorization or until the termination date of any applicable collective bargaining agreement, which-ever occurs sooner, and shall automatically be renewed as an irrevocable assign-ment and authorization for successive yearly or applicable collective bargaining agreement periods thereafter, whichever is lesser, unless I give written notice of revocation to the Cessna Aircraft Company between the forty-fifth (45th) and the

thirtieth (30th) day prior to the expiration of each yearly period or of each applicable collective bargaining agreement, whichever comes sooner."

The first dues deduction did not occur until April 12, 1979. In the meantime, on January 27, 1979, plaintiff by letter directed Cessna not to make any payroll deductions. Cessna failed to honor this attempted revocation and this lawsuit followed. Plaintiff argued that the agreement was subject to the interpretation that it was revocable until the first deduction and offered parol evidence that he had been so advised by the Union. The trial court refused to admit parol evidence and held the agreement irrevocable for a period expiring one year from the date of the first payroll deduction.

On appeal, this court raised the question of jurisdiction due to a federal preemption under the Labor Management Relations Act, 1947, 29 U.S.C. § 141 *et seq.,* and ordered additional briefing by counsel. It is the duty of an appellate court to raise the question of subject matter jurisdiction on its own motion. *In re Lakeview Gardens, Inc.,* 227 Kan. 161, 173, 605 P.2d 576 (1980).

The plaintiff's case involves the interpretation or ambiguity of a union dues check-off authorization as it pertains to the time for revocation. § 302 of Labor Management Relations Act, 1947, 29 U.S.C. § 186 (1976), prohibits payments from employers to unions, in order to prevent corruption, but subsection (c) (4) makes an exception for dues deductions if in compliance with that section. If a union causes an employer to deduct and remit dues after a valid revocation, it is an unfair labor practice under 29 U.S.C. § 158. *N.L.R.B. v. Atlanta Printing Specialties,* 523 F.2d 783 (5th Cir. 1975). Activity which is arguably subject to the prohibitions of 29 U.S.C. § 158 is exclusively within the jurisdiction of the National Labor Relations Board regardless of whether the relief sought is an injunction or damages. *San Diego Unions v. Garmon,* 359 U.S. 236, 3 L.Ed.2d 775, 79 S.Ct. 773 (1959). This is true even if the N.L.R.B. has not assumed jurisdiction. *Guss v. Utah Labor Board,* 353 U.S. 1, 1 L.Ed.2d 601, 77 S.Ct. 598 (1957). Kansas has long recognized such federal preemption as denying to Kansas courts subject matter jurisdiction. *Collier v. Operating Engineers Local Union No. 101,* 228 Kan. 52, Syl. ¶ 3, 612 P.2d 150 (1980).

Neither the trial court nor this court has subject matter jurisdiction and the case is remanded with directions to dismiss.