(600 P.2d 152)

No. 50,455

B. J. Linnens, Charles Dannenfelser and Jimmie D. Baldwin, *Appellants,* v. Eugene Christensen, Gerry Harris, Jon Thole, Ron Kirkpatrick, Reuben Zerger, Les Allison, Ron Ludwig, the duly elected and acting members of the Board of Education of Marion and Florence Unified School District No. 408, Marion County, Kansas, *Appellees.*

Petition for review denied December 5, 1979.

Opinion filed September 28, 1979.

*James W. Wilson* and *Warren M. Wilbert,* of Wichita, for the appellants.

*Fred W. Rausch, Jr.,* of Topeka, for the appellees.

Before Foth, C.J., Abbott and Rees, JJ.

Foth, C.J.: This is a school closing case, brought as a class action by residents of Unified School District No. 408, Marion County, Kansas, against the district's Board of Education. Plaintiffs sought to enjoin the implementation of a resolution which by its terms merely reassigned students, but which had the effect of closing a building in Florence, Kansas, which had housed an elementary school. The question is whether an injunction action

will lie, or whether plaintiffs' sole judicial remedy was an appeal under K.S.A. 1978 Supp. 60-2101(*d*).

The Board's resolution was in apparent response to a letter from the State Fire Marshal requiring a number of fire protective measures to be taken if the Florence elementary school were to be used after the 1977-78 school term. Under the resolution students in grades 3, 4 and 5 who had previously attended school in Florence would be bused to Marion. Grades K, 1 and 2, plus "middle school" grades 6, 7 and 8 would continue to be taught in other buildings in the Florence school complex. Plaintiffs are residents of the Florence area whose primary objection is to the busing of students to Marion.

Since the building being closed had belonged to former Common School District No. U-4, which was "unified" into U.S.D. 408 in 1969, it was plaintiffs' allegation that the closing required consent of the electors of the old C.S.D. No. U-4 by virtue of K.S.A. 72-8213 and 72-8140.

The Board answered, and then filed a motion for summary judgment. As originally filed the motion alleged four grounds on which the Board claimed its action was legally justified and consent unnecessary. By amendment it added a fifth argument to its motion: that the Board's resolution was adopted on January 25, 1978; that plaintiffs' sole remedy was by appeal, required to be taken within 30 days under K.S.A. 1978 Supp. 60-2101(*d*); and that the present action, even if considered an appeal, was not filed until March 13, 1978.

The trial court agreed with the last argument, found that it lacked jurisdiction, and dismissed the action without making any determination as to the legality of the resolution. Plaintiffs appeal.

Procedures for obtaining judicial review of the acts of administrative agencies have been the subject of much discussion in our reports. The latest formulation of the rules in a school board context is found in *Brinson v. School District*, 223 Kan. 465, 576 P.2d 602 (1978):

"In the absence of a statutory provision for appellate review of an administrative decision no appeal is available but relief from illegal, arbitrary and unreasonable acts of public officials and boards can be obtained by using such equitable remedies as quo warranto, mandamus, or injunction."

"The review of a decision by an administrative board as authorized by K.S.A. 1974 Supp. 60-2101(*a*) [now 1978 Supp. 60-2101(*d*)] is limited to decisions of

administrative boards that exercise quasi-judicial functions. This omnibus statute authorizes review only if no special statute authorizes an appeal." Syl. ¶¶ 3, 4.

Thus, in order for the appeal statute to apply, the function exercised must be "quasi-judicial." That term has been defined in such cases as *Gawith v. Gage's Plumbing & Heating Co., Inc.,* 206 Kan. 169, 476 P.2d 966 (1970); *Thompson v. Amis,* 208 Kan. 658, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972); *Stephens v. Unified School District,* 218 Kan. 220, 546 P.2d 197 (1975); and again in a school board context in *Schulze v. Board of Education,* 221 Kan. 351, 559 P.2d 367 (1977):

"Quasi-judicial is a term applied to administrative boards or officers empowered to investigate facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of a judicial nature. (Following *Thompson v. Amis,* 208 Kan. 658, Syl. 6, 493 P.2d 1259.)" Syl. ¶ 4.

As may be seen, a distinguishing feature of quasi-judicial functions is that the agency, after determining facts and applying existing law or regulations, exercises discretion "of a judicial nature." That is, the function must be comparable to those which courts are accustomed to performing. *Gawith,* 206 Kan. 169, Syl. ¶ 2. The cases cited above fall into that category: determining whether an employee's conduct violated rules of employment (*Thompson* and *Schulze*); whether a letter combined with other conduct constituted a resignation from employment (*Brinson*); whether a party is liable for another's personal injuries and the extent of those injuries (*Gawith*); whether a party has violated a statute, and if so what sanctions should be imposed (*Stephens*). Those are all functions which courts perform every day.

On the other hand, we cannot conceive of constitutional legislation imposing on the courts the duty of determining, on the basis of the educational and financial interests of a school district, which schools shall be operated and which schools shall be closed. The decision to close the Florence elementary school, boiled to its essentials, had two elements: (a) whether the closing was authorized by law, and (b) whether it was desirable. Those elements are common to every administrative decision made by every administrative agency and executive officer in the state. There is always an underlying assumption that the decision to be made is within the lawful authority of the decision maker. If the mere existence of a question of legal authority to make it renders a

decision quasi-judicial, then every administrative decision is quasi-judicial.

This, of course, is not the law. The cases cited above and every other case which has addressed the question all hold that whether an act of the administrative agency is within its lawful authority is but one part of the three-pronged test to be applied on judicial review. That is true whether the review is by appeal or by one of the extraordinary remedies, unless the legislature has in an appropriate case specified a trial de novo. The mere fact that this issue is justiciable does not make the challenged action a quasi-judicial function. To resolve the question here the Board presumably asked its lawyer.

On the other hand, the desirability of closing the Florence elementary school depends on a myriad of factors, detailed at length in the Board's brief. Factors which the Board says it weighed include: whether the repair and remodeling of the building were "too expensive"; whether "suitable" facilities existed elsewhere in the district or if new facilities would have to be built or acquired; what changes in curriculum were necessary; what the revised bus routes should be; what new class schedules would be required; what the new teaching staff size should be; and where teachers should be assigned or reassigned. These are all issues which are peculiarly within the competence of the Board of Education, which was elected to examine and resolve them. A court may examine the result for arbitrariness, but it could never weigh the factors involved and make these decisions in the first instance.

We note that in every appellate decision in a school closing case we have found, the action has been in injunction or mandamus. See *Hand v. Board of Education,* 198 Kan. 460, 426 P.2d 124 (1967); *Hensley v. Board of Education of Unified School District,* 210 Kan. 858, 504 P.2d 184 (1972); *Brickell v. Board of Education,* 211 Kan. 905, 508 P.2d 996 (1973); *Welch v. Board of Education,* 212 Kan. 697, 512 P.2d 358 (1973); *Meinhardt v. Board of Education,* 216 Kan. 57, 531 P.2d 438 (1975). If the exclusive remedy is by appeal then the district courts, and in turn the Supreme Court, lacked jurisdiction in all of those cases. Since the question is jurisdictional (*Thompson*), the courts in each had the duty to raise the issue on their own motion; none did.

We are convinced that school closing requires a blending of

legislative policy making and executive action to carry out the policies adopted. It is not a quasi-judicial function. Hence no appeal is available, but the Board's action is challengeable by an appropriate extraordinary remedy such as injunction, mandamus or quo warranto. *City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, Syl. ¶ 2, 360 P.2d 29 (1961); *Brinson,* 223 Kan. 465, Syl. ¶ 3.

It follows that the trial court erred in dismissing the case for the reason given, and its judgment must be reversed. We express no opinion on the merits of the remaining four grounds for the Board's motion for summary judgment, which must be determined on remand.

The judgment is reversed and the case is remanded for further proceedings.